**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL KARP, and LINDA KARP | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| DANA JENKINS and CIS EXPRESS, LLC | : | |
| Defendants | : | No. |

**NOW** come Plaintiffs, Michael Karp and Linda Karp, by and through their

undersigned counsel, Munley Law, P.C., and aver as follows:

### THE PARTIES

1.      Plaintiffs, Michael Karp and Linda Karp, are competent adult

individuals and citizens of Pennsylvania, who reside at 1339 State Route 2016,

Nicholson, Pennsylvania 18446.

2.      Defendant, Dana Jenkins, upon information and belief is a competent

adult individual and citizen of the State of California, who resides at 3410 La

Sierra Avenue, Apt 721, Riverside, California 92503.

3.      Defendant CIS Express, LLC, upon information and belief, is a

limited liability corporation and/or other business entity organized and existing

1

under the laws of the State of California with its principal place of business located

at 909 Cottonwood Way, Walnut, California, 91789.

## JURISDICTION AND VENUE

4.     The amount in controversy in this matter exceeds the sum or value of

$75,000.

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C.

§1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000

and is between citizens of different states.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part

of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

7.     At all times pertinent hereto, upon information and belief, Defendant

Dana Jenkins was the agent, servant, workman, contractor and/or employee of

Defendant CIS Express, LLC and was acting within the course and scope of his

agency and/or employment.

8.     At all times pertinent hereto, Defendant CIS Express, LLC was the

owner of a 2005 Kenworth tractor-trailer, California license plate number

WP87670 operated by Defendant Dana Jenkins.

9.      At all times pertinent hereto, Plaintiff Michael Karp was the owner and operator of a 2008 Ford Super Duty, Pennsylvania License Plate Number ZJB2856 in which Plaintiff Linda Karp was a passenger.

10.     On or about May 2, 2017, Plaintiffs Michael Karp and Linda Karp was operating the aforementioned Ford Super Duty lawfully traveling westbound in the right lane of travel on Interstate 80, in Marion Township, Centre County, Pennsylvania.

11.     At the same time and place, Defendant Dana Jenkins, was operating the aforementioned tractor-trailer traveling westbound in the left lane of travel on Interstate 80 in Marion Township, Centre County, Pennsylvania.

12.     Defendant Dana Jenkins came up behind the Plaintiffs' vehicle and drove incredibly close to the Plaintiffs' vehicle.

13.     Defendant Dana Jenkins then began to beep his horn while traveling in the left lane of travel.

14.     Plaintiff Michael Karp then moved to the right lane of travel to permit Defendant Dana Jenkins to pass him in the left lane of travel.

15.     When Defendant Dana Jenkins was about half way past Plaintiffs' vehicle in the left lane of travel, Defendant Dana Jenkins suddenly and without warning moved from the left lane of travel to the right lane of travel.

16.     Defendant Dana Jenkins operated his vehicle in such a negligent, careless, and reckless manner that he moved from the left lane of travel into the right lane of travel and suddenly, violently and without warning struck the Plaintiffs' vehicle with the semi-trailer of his vehicle.

17.     As a result of the abovementioned collision, Defendant Dana Jenkins was charged with two (2) counts of simple assault in violation of 18 Pa.C.S. §2701(a)(3), disorderly conduct in violation of 18 Pa.C.S. §5503(a)(4), 18 Pa.C.S. §2701(a)(3), two (2) counts of recklessly endangering another person in violation of 18 Pa.C.S. §2705, accident involving damage to attended vehicle in violation of 75 Pa. C.S.A. §3743, two (2) counts of harassment in violation of 18 Pa.C.S.A. §2709, disregarding traffic lanes in violation of 75 Pa. C.S.A. §3309(a)(1), following too closely in violation of 75 Pa. C.S.A. §3310, careless driving in violation of 75 Pa. C.S.A. §3714, reckless driving in violation of 75 Pa. C.S.A. §3736, and failure to stop and render information in violation of 75 Pa. C.S.A. §3744.

18.     Defendant Dana Jenkins pled guilty to two (2) counts of simple assault in violation of 18 Pa.C.S. §2701(a)(3) and two (2) counts of recklessly endangering another person in violation of 18 Pa.C.S. §2705.

19.     As a result of the aforesaid collision, Plaintiff Michael Karp has suffered, yet suffers and will suffer from for an indefinite time in the future injuries

including but not limited to: neck pain, anxiety, headaches, myospasm, low back pain, and shock to his nerves and nervous system, all of which caused him, continue to cause him and will cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental.

20.     As a result of the aforesaid collision and injuries sustained, Plaintiff Michael Karp has been forced to undergo medical treatment, including but not limited to xrays, physical therapy, chiropractic therapy, injections, and will/may be forced to undergo medical treatment at an undetermined time in the future.

21.     As a result of the aforesaid collision and injuries sustained, Plaintiff Michael Karp has expended, yet expends and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff of her injuries all to her great financial loss and damage.

22.     As a result of the aforesaid collision and injuries sustained, Plaintiff Michael Karp has been, yet is and will/may for an indefinite time in the future, be unable to go about his usual and daily occupations and routines.

23.     As a result of the aforesaid collision and injuries sustained, Plaintiff Michael Karp has been, yet is and will/may for an indefinite time in the future be forced to forego the pleasures of life.

24.     As a result of the collision and injuries sustained, Plaintiff Michael Karp has suffered, yet suffers and will/may continue to suffer wage diminution or lessening of his earning power and earning capacity, and will/may continue to suffer same forever in the future.

25.     As a result of the aforesaid collision, Plaintiff Linda Karp has suffered, yet suffers and will suffer from for an indefinite time in the future injuries including but not limited to: neck pain, left shoulder pain, arm numbness and tingling, insomnia, muscle spasms, and shock to her nerves and nervous system, all of which caused her, continue to cause her and will cause her for an indefinite time in the future great pain, agony and suffering, both physical and mental.

26.     As a result of the aforesaid collision and injuries sustained, Plaintiff Linda Karp has been forced to undergo medical treatment, including but not limited to physical therapy, xrays massage therapy, acupuncture, injections, and will/may be forced to undergo medical treatment at an undetermined time in the future.

27.     As a result of the aforesaid collision and injuries sustained, Plaintiff Linda Karp has expended, yet expends and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff of her injuries all to her great financial loss and damage.

28.     As a result of the aforesaid collision and injuries sustained, Plaintiff Linda Karp has been, yet is and will/may for an indefinite time in the future, be unable to go about her usual and daily occupations and routines.

29.     As a result of the aforesaid collision and injuries sustained, Plaintiff Linda Karp has been, yet is and will/may for an indefinite time in the future be forced to forego the pleasures of life.

30.     As a result of the collision and injuries sustained, Plaintiff Linda Karp has suffered, yet suffers and will/may continue to suffer wage diminution or lessening of her earning power and earning capacity, and will/may continue to suffer same forever in the future.

**COUNT ONE**
**Michael Karp v. Dana Jenkins**
**Negligence**

31.     Paragraphs 1-30 above are incorporated herein by reference as if fully set forth here at length.

32.     The aforesaid collision was due solely to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Dana Jenkins and in no way due to any negligent act or failure to act on the part of the Plaintiffs.

33.     The negligent conduct, careless conduct and gross, wanton and reckless of Defendant Dana Jenkins consisted of the following:

    a.  Failure to keep a proper lookout;

b.  Failure to properly observe the roadway;

c.  Failure to brake his vehicle;

d.  Failure to properly control his vehicle;

e.  Failure to take proper and evasive action;

f.  Failure to keep his eyes on the roadway;

g.  Failure to operate his vehicle in the proper lane of travel;

h.  Failure to maneuver his vehicle so as to avoid a collision;

i.  Following too closely behind Plaintiff's vehicle in violation of 75 Pa. C.S.A. §3310(a);

j.  Failure to give information and render aid in violation of 75 Pa.C.S.A. §3744;

k.  Failure to drive within a single lane in violation of 75 Pa.C.S.A. §3309(a)(1);

l.  Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

m. Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

n.  sending, reading, and/or writing a text-based communication while operating a motor vehicle;

o.  Operating his commercial motor vehicle without due regard for the

rights, safety, and position of Plaintiff lawfully on the roadway;

p. Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

q. Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

r. Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

s. Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

t. Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Marion Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

u. Failure to inspect the vehicle prior to operating the vehicle;

v. Failure to give warning of his approach;

w. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

x. Falling asleep while driving;

y. Operating his vehicle in violation of the rules and regulations of the

Federal Motor Carrier Safety Regulations;

z.  Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

aa. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

bb. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

cc. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

dd. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ee. Operating his vehicle when he knew or should have known that he was unfit to do so;

ff.  Failure to record his duty status properly in violation of 49 CFR §395.8; and

gg. Such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

34.     As a result of the above-stated acts and omissions, Plaintiff Michael Karp has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Michael Karp demands judgment against Defendant Dana Jenkins in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TWO**
**Michael Karp v. Dana Jenkins**
**Punitive Damages**

35.     Paragraphs 1-34 above are incorporated by reference as if fully set forth herein at length.

36.     The conduct of Defendant Dana Jenkins was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Michael Karp. Defendant Dana Jenkins knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendant Dana Jenkins knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendant Dana Jenkins knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations

and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway.

37.    Despite such knowledge, Defendant Dana Jenkins nevertheless failed to keep a proper lookout; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; followed too closely behind Plaintiff Michael Karp's vehicle in violation of 75 Pa. C.S.A. §3310(a); failed to give information and render aid in violation of 75 Pa.C.S.A. §3744; failed to drive within a single lane in violation of 75 Pa.C.S.A. §3309(a)(1); failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff Michael Karp lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; sending, reading, and/or writing a text-based communication while operating a motor vehicle; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff Michael Karp in danger of death and serious bodily injury in violation of 18 Pa. C.S.A.

§2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Marion Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;  failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that

he was unfit to do so; and failed to record his duty status properly in violation of 49 CFR §395.8.

38.     Furthermore, as a result of the collision, Defendant Dana Jenkins was charged with was charged with two (2) counts of simple assault in violation of 18 Pa.C.S. §2701(a)(3), disorderly conduct in violation of 18 Pa.C.S. §5503(a)(4), 18 Pa.C.S. §2701(a)(3), two (2) counts of recklessly endangering another person in violation of 18 Pa.C.S. §2705, accident involving damage to attended vehicle in violation of 75 Pa. C.S.A. §3743, two (2) counts of harassment in violation of 18 Pa.C.S.A. §2709, disregarding traffic lanes in violation of 75 Pa. C.S.A. §3309(a)(1), following too closely in violation of 75 Pa. C.S.A. §3310, careless driving in violation of 75 Pa. C.S.A. §3714, reckless driving in violation of 75 Pa. C.S.A. §3736, and failure to stop and render information in violation of 75 Pa. C.S.A. §3744.

39.     As a result of the aforementioned collision, Defendant Dana Jenkins pled guilty to two (2) counts of simple assault in violation of 18 Pa.C.S. §2701(a)(3) and two (2) counts of recklessly endangering another person in violation of 18 Pa.C.S. §2705.

40.     All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Michael Karp. As a result Plaintiff Michael Karp is seeking an award of punitive damages against Defendant Dana Jenkins.

**WHEREFORE**, Plaintiff Michael Karp demands judgment against Defendant Dana Jenkins in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT THREE
**Michael Karp v. Dana Jenkins**
**Negligent Infliction of Emotional Distress**

41.     Paragraphs 1-40 above are incorporated by reference as if fully set forth herein at length.

42.     At the time of the aforementioned collision, Plaintiff Michael Karp was an owner and operator of the 2008 Ford Super Duty in which his wife, Plaintiff Linda Karp, was an occupant.

43.     Plaintiff Michael Karp witnessed the harm sustained by his wife, Plaintiff Linda Karp, as fully set forth in this Complaint, as well as the aforementioned negligence of Defendant Dana Jenkins.

44.     As a result of the aforementioned collision and negligence of Defendant Dana Jenkins, and observing his wife's injuries, Plaintiff Michael Karp has been caused to suffer severe fear, anxiety and emotional distress that has manifested itself psychologically, emotionally, and physically and will continue for an indefinite period of time in the future.

45.   Plaintiff Michael Karp has sustained the aforementioned fear, anxiety and emotional distress as a direct and proximate result of the negligence and/or carelessness of Defendant Dana Jenkins.

46.   As a result of the aforementioned fear, anxiety and emotional distress, the Plaintiff Michael Karp has sustained, is sustaining, and will/may continue to sustain a loss of the pleasures and enjoyments of life.

47.   Based on Plaintiff Michael Karp's relationship with his wife, Plaintiff Linda Karp and his observations of Defendant Dana Jenkin's aforementioned acts of negligence and/or carelessness, Defendant Dana Jenkins could have reasonably foreseen that the Plaintiff would suffer great and severe fear, anxiety and emotional distress upon observing the injury of his wife due to his acts of simple assault in violation of 18 Pa.C.S. §2701(a)(3) and recklessly endangering another person in violation of 18 Pa.C.S. §2705 upon the Plaintiffs, as fully set forth in this Complaint.

**WHEREFORE**, Plaintiff Michael Karp demands judgment against Defendant Dana Jenkins in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT FOUR**
**Michael Karp v. CIS Express, LLC**
**Negligence**

48. Paragraphs 1-47 above are incorporated by reference as if fully set forth herein at length.

49. The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant CIS Express, LLC and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff Michael Karp.

50. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant CIS Express, LLC, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Dana Jenkins, consisted of the following:

    a.  Failure to keep a proper lookout;

    b.  Failure to properly observe the roadway;

    c.  Failure to operate his vehicle in the proper lane of travel;

    d.  Failure to brake his vehicle;

    e.  Failure to properly control his vehicle;

    f.  Failure to take proper and evasive action;

    g.  Failure to keep his eyes on the roadway;

    h.  Failure to maneuver his vehicle so as to avoid a collision;

    i.  Following too closely behind Plaintiff Michael Karp's vehicle in

violation of 75 Pa. C.S.A. §3310(a);

j.  Failure to give information and render aid in violation of 75 Pa.C.S.A. §3744;

k.  Failure to drive within a single lane in violation of 75 Pa.C.S.A. §3309(a)(1);

l.  Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

m. Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

n.  sending, reading, and/or writing a text-based communication while operating a motor vehicle;

o.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff Michael Karp lawfully on the roadway;

p.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

q.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

r.  Operating his vehicle so recklessly that he placed Plaintiff Michael

Karp in danger of death and serious bodily injury in violation of 18

Pa. C.S.A. §2705;

s.  Operating his vehicle in a careless manner in violation of 75 Pa.

C.S.A. §3714;

t.  Failure to obey the rules of the road, the statutes of the

Commonwealth of Pennsylvania; and the ordinances of Marion

Township, Pennsylvania while operating his vehicle on the highways

and roadways of the Commonwealth of Pennsylvania;

u.  Failure to inspect the vehicle prior to operating the vehicle;

v.  Failure to give warning of his approach;

w. Failure to slow down in light of the conditions then and there existing

in violation of 75 Pa.C.S.A. §3361;

x.  Operating his vehicle while being distracted and/or fatigued in

violation of 49 C.F.R. §392.3;

y.  Falling asleep while driving;

z.  Operating his vehicle in violation of the rules and regulations of the

Federal Motor Carrier Safety Regulations;

aa. Failure to operate, maintain, inspect and repair his vehicle in

accordance with the applicable Federal Motor Carrier Safety

Regulations 49 C.F.R. §390 et seq., which have been adopted in this

Commonwealth pursuant to 67 Pa. Code §229.14;

bb. Failure to properly inspect his vehicle in accordance with 49 C.F.R.
§392.7;

cc. Operating his vehicle in excess of the applicable hours of service rules
in violation of 49 C.F.R. §395.3;

dd. Operating his vehicle when he was so fatigued as to make it unsafe for
him to operate the vehicle in violation of 49 CFR §392.3;

ee. Operating his vehicle in such a condition as to likely cause an accident
or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

ff. Failing to properly inspect his vehicle prior to driving to ensure it was
in safe operating condition in violation of 49 C.F.R. §396.13;

gg. Operating his vehicle when he knew or should have known that he
was unfit to do so;

hh. Failure to record his duty status properly in violation of 49 CFR
§395.8; and

ii. Such other negligence, recklessness, and/or willful and wanton
conduct as shall be revealed in discovery under the Pennsylvania
Rules of Civil Procedure.

51.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant CIS Express, LLC, in its own right, consisted of the following:

   a.  Negligently entrusting Dana Jenkins with its vehicle when it knew or should have known that Dana Jenkins lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

   b.  Failing to adequately instruct Dana Jenkins in the safe operation of the vehicle prior to entrusting him with it;

   c.  Failing to prevent Dana Jenkins from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

   d.  Failing to adequately ascertain that Dana Jenkins lacked the ability necessary to safely operate the vehicle under the circumstances;

   e.  Failure to provide Dana Jenkins with the equipment necessary to safely operate the vehicle;

   f.  Failure to adequately train and oversee their employees, including Defendant Dana Jenkins, in the inspection and operation of its tractor trailer;

   g.  Failure to properly qualify Defendant Dana Jenkins as required by 49 CFR § 391 et seq.;

h.  Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

i.  Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known that he was unfit to do so;

j.  Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

k.  Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known that the requirements for Defendant Dana Jenkins to earn income from operating its vehicle would cause Defendant Dana Jenkins to violate the rules of the road and/or drive while distracted and/or fatigued;

l.  Scheduling a run and/or requiring Defendant Dana Jenkins to operate its vehicle between points in such periods of time as would necessitate Defendant Dana Jenkins to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

m. Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known that he was operating the vehicle in

excess of the applicable hours of service in violation of  49 CFR § 395.3;

n.  Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

o.  Failure to require Defendant Dana Jenkins to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

p.  Aiding, abetting, encouraging and/or requiring Defendant Dana Jenkins to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

q.  Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

r.  Failure to provide Dana Jenkins with proper training necessary to drive the vehicle;

s.  Failure to properly supervise Defendant Dana Jenkins in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations; and

t.   Such other negligence, recklessness, and/or willful and wanton

conduct as shall be revealed in discovery under the Pennsylvania

Rules of Civil Procedure.

52.   As a result of the above-stated acts and omissions, Plaintiff Michael

Karp has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff Michael Karp demands judgment against

Defendant CIS Express, LLC in an amount in excess of $75,000.00 plus interest,

costs and such other relief as this Court deems appropriate.

### COUNT FIVE
### Michael Karp v. CIS Express, LLC
### Punitive Damages

53.   Paragraphs 1-52 above are incorporated by reference as if fully set

forth herein at length.

54.   The conduct of Defendant CIS Express, LLC, by and through the acts

and or omissions of its agents, servants, workmen, and/or employees, including but

not limited to Defendant Dana Jenkins was outrageous and/or done willfully,

wantonly and/or with reckless indifference to the rights of the public including

Plaintiff Michael Karp. Defendants CIS Express, LLC and Dana Jenkins knew or

should have known that operating his vehicle when he was too fatigued to do so

safely and/or while being distracted, would result in serious injury to others driving

on the roadway. Defendants CIS Express, LLC and Dana Jenkins knew or should

have known that falling asleep while driving, would result in serious injury to others.  Furthermore, Defendants CIS Express, LLC and Dana Jenkins knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations  and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway.

55.    Despite such knowledge, Defendant CIS Express, LLC, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Dana Jenkins nevertheless failed to keep a proper lookout; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; failed to keep his eyes on the roadway; sending, reading, and/or writing a text-based communication while operating a motor vehicle; failed to maneuver his vehicle so as to avoid a collision; followed too closely behind Plaintiff Michael Karp's vehicle in violation of 75 Pa. C.S.A. §3310(a); failed to give information and render aid in violation of 75 Pa.C.S.A. §3744; failed to drive within a single lane in violation of 75 Pa.C.S.A §3309(1); failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel;

operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff Michael Karp lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff Michael Karp in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Marion Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; failed to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely

affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; and failed to record his duty status properly in violation of 49 CFR §395.8.

56.     The conduct of Defendant CIS Express, LLC was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Michael karp, in its own right. Defendant CIS Express, LLC knew of or should have known that Defendant Dana Jenkins lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and

prudence in operating a motor vehicle. Defendant CIS Express, LLC knew or should have known that the manner in which Defendant CIS Express, LLC conducted its business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Dana Jenkins, would cause its employees, including Defendant Dana Jenkins, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant CIS Express, LLC knew or should have known that allowing their employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff Nichael Karp.  Defendant CIS Express, LLC knew or should have known that permitting Defendant Dana Jenkins to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant CIS Express, LLC knew or should have know that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway.   Defendant CIS Express, LLC knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Dana Jenkins would result in serious injury to others driving on the roadway.  Moreover, Defendant CIS Express, LLC knew or should have

known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

57.     Despite such knowledge, Defendant CIS Express, LLC nevertheless, negligently entrusted Dana Jenkins with its vehicle when it knew or should have known that Dana Jenkins lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Dana Jenkins in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Dana Jenkins from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Dana Jenkins lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Dana Jenkins with the equipment necessary to safely operate the vehicle; failed to maintain the brakes on the tractor-trailer; failed to adequately train and oversee their employees, including Defendant Dana Jenkins, in the inspection and operation of its tractor trailer; failed to properly qualify Defendant Dana Jenkins as required by 49 CFR § 391 et seq.; permitted Defendant Dan Jenkins to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3; permitted Defendant Dana Jenkins to operate its vehicle when it knew or should have known that he was unfit to do so;

permitted Defendant Dana Jenkins to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued; permitted Defendant Dana Jenkins to operate its vehicle when it knew or should have known that the requirements for Defendant Jenkins to earn income from operating its vehicle would cause Defendant Jenkins to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or required Defendant Dan Jenkins to operate its vehicle between points in such periods of time as would necessitate Defendant Dan Jenkins to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6; permitted Defendant Dana Jenkins to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant Dana Jenkins to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Dana Jenkins to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Dana Jenkins with proper training necessary to drive the vehicle; and

failed to properly supervise Defendant Dana Jenkins in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

58.   All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Michael Karp. As a result, Plaintiff is seeking an award of punitive damages against Defendant CIS Express, LLC.

**WHEREFORE**, Plaintiff Michael Karp demands judgment against Defendant CIS Express, LLC in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT SIX
### Linda Karp v. Dana Jenkins
### Loss of Consortium

59.   Paragraphs 1-58 above are incorporated herein by reference as if fully set forth here at length.

60.   At all times here pertinent, Plaintiff Linda Karp was and is the wife of Plaintiff Michael Karp.

61.   Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Dana Jenkins in causing the injuries to Plaintiff Michael Karp, Plaintiff Linda Karp as wife of Plaintiff Michael Karp, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

62.     By reason of the aforesaid collision, Plaintiff Linda Karp has been, yet is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to his great financial loss and detriment.

**WHEREFORE**, Plaintiff Linda Karp demands judgment against Defendant Dana Jenkins in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT SEVEN
### Linda Karp v. CIS Express, LLC
### Loss of Consortium

63.     Paragraphs 1-62 above are incorporated herein by reference as if fully set forth here at length.

64.     At all times here pertinent, Plaintiff Linda Karp was and is the wife of Plaintiff Michael Karp.

65.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Dana Jenkins in causing the injuries to Plaintiff Michael Karp, Plaintiff Linda Karp as wife of Plaintiff Michael Karp, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

66.     By reason of the aforesaid collision, Plaintiff Linda Karp has been, yet is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to his great financial loss and detriment.

**WHEREFORE**, Plaintiff Linda Karp demands judgment against Defendant CIS Express, LLC in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate

### COUNT EIGHT
### Linda Karp v. Dana Jenkins
### Negligence

67.     Paragraphs 1-66 above are incorporated herein by reference as if fully set forth here at length.

68.     The aforesaid collision was due solely to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Dana Jenkins and in no way due to any negligent act or failure to act on the part of the Plaintiffs.

69.     The negligent conduct, careless conduct and gross, wanton and reckless of Defendant Dana Jenkins consisted of the following:

a.     Failure to keep a proper lookout;

b.     Failure to properly observe the roadway;

c.     Failure to brake his vehicle;

d.     Failure to properly control his vehicle;

e.      Failure to take proper and evasive action;

f.      Failure to keep his eyes on the roadway;

g.      Failure to maneuver his vehicle so as to avoid a collision;

h.      Following too closely behind Plaintiff's vehicle in violation of 75 Pa. C.S.A. §3310(a);

i.      Failure to give information and render aid in violation of 75 Pa.C.S.A. §3744;

j.      Failure to drive within a single lane in violation of 75 Pa.C.S.A. §309(1);

k.      Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

l.      Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

m.      Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

n.      Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

o.      Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

p.      Operating his vehicle so recklessly that he placed Plaintiff in danger

of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

q.      Operating his vehicle in a careless manner in violation of 75 Pa.

C.S.A. §3714;

r.      Failure to obey the rules of the road, the statutes of the

Commonwealth of Pennsylvania; and the ordinances of Marion Township,

Pennsylvania while operating his vehicle on the highways and roadways of

the Commonwealth of Pennsylvania;

s.      Failure to inspect the vehicle prior to operating the vehicle;

t.      Failure to give warning of his approach;

u.      Failure to slow down in light of the conditions then and there existing

in violation of 75 Pa.C.S.A. §3361;

v.      Operating his vehicle while being distracted and/or fatigued in

violation of 49 C.F.R. §392.3;

w.      Failure to exercise extreme caution in the operation of his vehicle

when hazardous conditions adversely affected his visibility and/or traction in

violation of 49 C.F.R. §392.14;

x.      Failure to reduce his speed when hazardous conditions adversely

affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

y.     Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

z.     Falling asleep while driving;

aa.     Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

bb.     Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

cc.     Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

dd.     Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ee.     Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ff.     Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

gg.     Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

hh.     Operating his vehicle when he knew or should have known that he

was unfit to do so;

ii.     Failure to record his duty status properly in violation of 49 CFR

§395.8;

jj.     sending, reading, and/or writing a text-based communication while

operating a motor vehicle; and

kk.     Such other negligence, recklessness, and/or willful and wanton

conduct as shall be revealed in discovery under the Pennsylvania Rules of

Civil Procedure.

70.     As a result of the above-stated acts and omissions, Plaintiff Linda

Karp has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff Linda Karp demands judgment against Defendant

Dana Jenkins in an amount in excess of $75,000.00 plus interest, costs and such

other relief as this Court deems appropriate.

### COUNT NINE
### Linda Karp v. Dana Jenkins
### Punitive Damages

71.     Paragraphs 1-70 above are incorporated by reference as if fully set

forth herein at length.

72.     The conduct of Defendant Dana Jenkins was outrageous and/or done

willfully, wantonly and/or with reckless indifference to the rights of the public

including Plaintiff Linda Karp. Defendant Dana Jenkins knew or should have

known that operating his vehicle when he was too fatigued to do so safely and/or

while being distracted, would result in serious injury to others driving on the

roadway. Defendant Dana Jenkins knew or should have known that falling asleep

while driving, would result in serious injury to others. Furthermore, Defendant

Dana Jenkins knew or should have known that failing to pay attention to the

roadway and/or operating his vehicle too fast for the conditions then present,

and/or when he was in violation of the applicable hours of service regulations

and/or while he was in violation of the federal motor carrier safety regulations,

would result in serious injury to others driving on the roadway.

      73.     Despite such knowledge, Defendant Dana Jenkins nevertheless failed

to keep a proper lookout; failed to properly observe the roadway; failed to brake

his vehicle; failed to properly control his vehicle; failed to take proper and evasive

action; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as

to avoid a collision; followed too closely behind Plaintiff Michael Karp's vehicle

in violation of 75 Pa. C.S.A. §3310(a); failed to give information and render aid in

violation of 75 Pa.C.S.A. §3744; failed to drive within a single lane in violation of

75 Pa.S.C.S. § 3744; failed to exercise a degree of care which an ordinary and

prudent person would have done under the circumstances; failed to remain

attentive and to maintain a sharp lookout for the conditions of travel; operated his

commercial motor vehicle without due regard for the rights, safety, and position of

Plaintiff Michael Karp lawfully on the roadway; operated his vehicle at a speed

greater than that which was reasonable and prudent under the circumstances in

violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton

disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

operated his vehicle so recklessly that he placed Plaintiff Linda Karp in danger of

death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his

vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the

rules of the road, the statutes of the Commonwealth of Pennsylvania; and the

ordinances of Marion Township, Pennsylvania while operating his vehicle on the

highways and roadways of the Commonwealth of Pennsylvania; sending, reading,

and/or writing a text-based communication while operating a motor vehicle; failed

to inspect the vehicle prior to operating the vehicle; failed to give warning of his

approach; failed to bring his vehicle to a stop within the assured clear distance

ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the

conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his

vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

failed to exercise extreme caution in the operation of his vehicle when hazardous

conditions adversely affected his visibility and/or traction in violation of 49 C.F.R.

§392.14; failed to reduce his speed when hazardous conditions adversely affected

his visibility and/or traction in violation of 49 C.F.R. §392.14; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;  failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; and failed to record his duty status properly in violation of 49 CFR §395.8.

74.    Furthermore, as a result of the aforementioned collision Defendant Dana Jenkins charged with two (2) counts of simple assault in violation of 18 Pa.C.S. §2701(a)(3), disorderly conduct in violation of 18 Pa.C.S. §5503(a)(4), 18

Pa.C.S. §2701(a)(3), two (2) counts of recklessly endangering another person in violation of 18 Pa.C.S. §2705, accident involving damage to attended vehicle in violation of 75 Pa. C.S.A. §3743, two (2) counts of harassment in violation of 18 Pa.C.S.A. §2709, disregarding traffic lanes in violation of 75 Pa. C.S.A. §3309(a)(1), following too closely in violation of 75 Pa. C.S.A. §3310, careless driving in violation of 75 Pa. C.S.A. §3714, reckless driving in violation of 75 Pa. C.S.A. §3736, and failure to stop and render information in violation of 75 Pa. C.S.A. §3744.

75.     As a result of aforementioned collision, Defendant Dana Jenkins pled guilty to two (2) counts of simple assault in violation of 18 Pa.C.S. §2701(a)(3) and two (2) counts of recklessly endangering another person in violation of 18 Pa.C.S. §2705.

76.     All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Michael Karp. As a result Plaintiff Linda Karp is seeking an award of punitive damages against Defendant Dana Jenkins.

WHEREFORE, Plaintiff Linda Karp demands judgment against Defendant Dana Jenkins in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT TEN
### Linda Karp v. Dana Jenkins
### Negligent Infliction of Emotional Distress

77.     Paragraphs 1-76 above are incorporated by reference as if fully set forth herein at length.

78.     At the time of the aforementioned collision, Plaintiff Linda Karp was an occupant of the 2008 Ford Super Duty in which her huband, Plaintiff Michael Karp, was the operator.

79.     Plaintiff Linda Karp witnessed the harm sustained by her husband, Plaintiff Michael Karp, as fully set forth in this Complaint, as well as the aforementioned negligence of Defendant Dana Jenkins.

80.     As a result of the aforementioned collision and negligence of Defendant Dana Jenkins, and observing her husband's injuries, Plaintiff Linda Karp has been caused to suffer severe fear, anxiety and emotional distress that has manifested itself psychologically, emotionally, and physically and will continue for an indefinite period of time in the future.

81.     Plaintiff Linda Karp has sustained the aforementioned fear, anxiety and emotional distress as a direct and proximate result of the negligence and/or carelessness of Defendant Dana Jenkins.

82.     As a result of the aforementioned fear, anxiety and emotional distress, the Plaintiff Linda Karp has sustained, is sustaining, and will/may continue to sustain a loss of the pleasures and enjoyments of life.

83.     Based on Plaintiff Linda Karp's relationship with her husband, Plaintiff Michael Karp and his observations of Defendant Dana Jenkin's aforementioned acts of negligence and/or carelessness, Defendant Dana Jenkins could have reasonably foreseen that the Plaintiff would suffer great and severe fear, anxiety and emotional distress upon observing the injury of his wife due to his acts of simple assault in violation of 18 Pa.C.S. §2701(a)(3) and recklessly endangering another person in violation of 18 Pa.C.S. §2705 upon the Plaintiffs, as fully set forth in this Complaint.

WHEREFORE, Plaintiff Linda Karp demands judgment against Defendant Dana Jenkins in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT ELEVEN
### Linda Karp v. CIS Express, LLC
### Negligence

84.     Paragraphs 1-83 above are incorporated by reference as if fully set forth herein at length.

85.     The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant CIS Express, LLC and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff Linda Karp.

43

86.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant CIS Express, LLC, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Dana Jenkins, consisted of the following:

a.     Failure to keep a proper lookout;

b.     Failure to properly observe the roadway;

c.     Failure to brake his vehicle;

d.     Failure to properly control his vehicle;

e.     Failure to take proper and evasive action;

f.     Failure to keep his eyes on the roadway;

g.     Failure to maneuver his vehicle so as to avoid a collision;

h.     Following too closely behind Plaintiff Michael Karp's vehicle in violation of 75 Pa. C.S.A. §3310(a);

i.     Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

j.     Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

k.     sending, reading, and/or writing a text-based communication while operating a motor vehicle.

l.      Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff Linda Karp lawfully on the roadway;

m.      Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

n.      Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

o.      Operating his vehicle so recklessly that he placed Plaintiff Michael Karp in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p.      Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

q.      Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Marion Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

r.      Failure to inspect the vehicle prior to operating the vehicle;

s.      Failure to give warning of his approach;

t.      Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

u.    Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

v.    Falling asleep while driving;

w.    Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

x.    Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

y.    Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

z.    Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

aa,   Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

bb.   Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

cc.   Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

dd.     Operating his vehicle when he knew or should have known that he

was unfit to do so;

ee.     Failure to give information and render aid in violation of 75 Pa.C.S.A.

§3744;

ff.     Failure to drive within a single lane in violation of 75 Pa.C.S.A.

§309(1);

gg.     Failure to record his duty status properly in violation of 49 CFR

§395.8; and

hh.     Such other negligence, recklessness, and/or willful and wanton

conduct as shall be revealed in discovery under the Pennsylvania Rules of

Civil Procedure.

87.     The negligent conduct, careless conduct, and gross, wanton and

reckless conduct of Defendant CIS Express, LLC, in its own right, consisted of the

following:

a.     Negligently entrusting Dana Jenkins with its vehicle when it knew or

should have known that Dana Jenkins lacked sufficient skill, judgment, and

prudence in the operation of the vehicle;

b.     Failing to adequately instruct Dana Jenkins in the safe operation of the

vehicle prior to entrusting him with it;

c.      Failing to prevent Dana Jenkins from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d.      Failing to adequately ascertain that Dana Jenkins lacked the ability necessary to safely operate the vehicle under the circumstances;

e.      Failure to provide Dana Jenkins with the equipment necessary to safely operate the vehicle;

f.      Failure to maintain the brakes on the tractor-trailer;

g.      Failure to adequately train and oversee their employees, including Defendant Dana Jenkins, in the inspection and operation of its tractor trailer;

h.      Failure to properly qualify Defendant Dana Jenkins as required by 49 CFR § 391 et seq.;

i.      Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j.      Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known that he was unfit to do so;

k.      Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l. Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known that the requirements for Defendant Dana Jenkins to earn income from operating its vehicle would cause Defendant Dana Jenkins to violate the rules of the road and/or drive while distracted and/or fatigued;

m. Scheduling a run and/or requiring Defendant Dana Jenkins to operate its vehicle between points in such periods of time as would necessitate Defendant Dana Jenkins to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

n. Permitting Defendant Dana Jenkins to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o. Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p. Failure to require Defendant Dana Jenkins to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

q.      Aiding, abetting, encouraging and/or requiring Defendant Dana

Jenkins to violate the Federal Motor Carrier Safety Regulations in violation

of 49 C.F.R. §390.13;

r.      Operating its vehicle in violation of the rules and regulations of the

Federal Motor Carrier Safety Regulations;

s.      Failure to provide Dana Jenkins with proper training necessary to

drive the vehicle;

t.      Failure to properly supervise Defendant Dana Jenkins in the operation

of its vehicle to ensure compliance with the Federal Motor Carrier Safety

Regulations; and

u.      Such other negligence, recklessness, and/or willful and wanton

conduct as shall be revealed in discovery under the Pennsylvania Rules of

Civil Procedure.

88.      As a result of the above-stated acts and omissions, Plaintiff Linda

Karp has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Linda Karp demands judgment against Defendant

CIS Express, LLC in an amount in excess of $75,000.00 plus interest, costs and

such other relief as this Court deems appropriate.

**COUNT TWELVE**
**Linda Karp v. CIS Express, LLC**
**Punitive Damages**

89.     Paragraphs 1-88 above are incorporated by reference as if fully set forth herein at length.

90.     The conduct of Defendant CIS Express, LLC, by and through the acts and or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dana Jenkins was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Linda Karp. Defendants CIS Express, LLC and Dana Jenkins knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendants CIS Express, LLC and Dana Jenkins knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendants CIS Express, LLC and Dana Jenkins knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations  and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway.

91.     Despite such knowledge, Defendant CIS Express, LLC, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Dana Jenkins nevertheless failed to keep a

proper lookout; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; followed too closely behind Plaintiff Linda Karp's vehicle in violation of 75 Pa. C.S.A. §3310(a); failed to give information and render aid in violation of Pa.C.S.A. §3744; failed to drive within a single lane in violation of 75 Pa.C.S.A. §3309(a); failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; sending, reading, and/or writing a text-based communication; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff Linda Karp lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff Linda Karp in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Marion Township, Pennsylvania while operating his vehicle on the highways and

roadways of the Commonwealth of Pennsylvania; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; failed to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle

in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; and failed to record his duty status properly in violation of 49 CFR §395.8.

92.     The conduct of Defendant CIS Express, LLC was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Linda Karp, in its own right. Defendant CIS Express, LLC knew of or should have known that Defendant Dana Jenkins lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. Defendant CIS Express, LLC knew or should have known that the manner in which Defendant CIS Express, LLC conducted its business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Dana Jenkins, would cause its employees, including Defendant Dana Jenkins, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant CIS Express, LLC knew or should have known that allowing their employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff Linda Karp. Defendant CIS Express, LLC

knew or should have known that permitting Defendant Dana Jenkins to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant CIS Express, LLC knew or should have know that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway.  Defendant CIS Express, LLC knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Dana Jenkins would result in serious injury to others driving on the roadway. Moreover, Defendant CIS Express, LLC knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

93.     Despite such knowledge, Defendant CIS Express, LLC nevertheless, negligently entrusted Dana Jenkins with its vehicle when it knew or should have known that Dana Jenkins lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Dana Jenkins in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Dana

Jenkins from operating the vehicle until he had sufficient ability to operate the

motor vehicle safely; failed to adequately ascertain that Dana Jenkins lacked the

ability necessary to safely operate the vehicle under the circumstances; failed to

provide Dana Jenkins with the equipment necessary to safely operate the vehicle;

failed to maintain the brakes on the tractor-trailer; failed to adequately train and

oversee their employees, including Defendant Dana Jenkins, in the inspection and

operation of its tractor trailer; failed to properly qualify Defendant Dana Jenkins as

required by 49 CFR § 391 et seq.; permitted Defendant Dan Jenkins to operate its

vehicle when it knew or should have known that he was too fatigued to do so

safely in violation of 49 CFR § 392.3; permitted Defendant Dana Jenkins to

operate its vehicle when it knew or should have known that he was unfit to do so;

permitted Defendant Dana Jenkins to operate its vehicle when it knew or should

have known he would drive while being distracted and/or fatigued; permitted

Defendant Dana Jenkins to operate its vehicle when it knew or should have known

that the requirements for Defendant Jenkins to earn income from operating its

vehicle would cause Defendant Jenkins to violate the rules of the road and/or drive

while distracted and/or fatigued; scheduled a run and/or required Defendant Dan

Jenkins to operate its vehicle between points in such periods of time as would

necessitate Defendant Dan Jenkins to operate the vehicle at too great a speed in

violation of 49 C.F.R. §392.6; permitted Defendant Dana Jenkins to operate its

vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant Dana Jenkins to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Dana Jenkins to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Dana Jenkins with proper training necessary to drive the vehicle; and failed to properly supervise Defendant Dana Jenkins in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

94.    All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Linda Karp. As a result, Plaintiff is seeking an award of punitive damages against Defendant CIS Express, LLC.

**WHEREFORE**, Plaintiff Linda Karp demands judgment against Defendant CIS Express, LLC in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT THIRTEEN
### Michael Karp v. Dana Jenkins

57

**Loss of Consortium**

95.     Paragraphs 1-94 above are incorporated herein by reference as if fully set forth here at length.

96.     At all times here pertinent, Plaintiff Michael Karp was and is the husband of Plaintiff Linda Karp.

97.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Dana Jenkins in causing the injuries to Plaintiff Linda Karp, Plaintiff Michael Karp as husband of Plaintiff Linda Karp, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure his wife of her injuries.

98.     By reason of the aforesaid collision, Plaintiff Michael Karp has been, yet is and will/may be in the future deprived of the assistance and society of his wife, all of which has been and will be to his great financial loss and detriment.

WHEREFORE, Plaintiff Michael Karp demands judgment against Defendant Dana Jenkins in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT FOURTEEN**
**Michael Karp v. CIS Express, LLC**
**Loss of Consortium**

99.    Paragraphs 1-98 above are incorporated herein by reference as if fully set forth here at length.

100.   At all times here pertinent, Plaintiff Michael Karp was and is the husband of Plaintiff Linda Karp.

101.   Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Dana Jenkins in causing the injuries to Plaintiff Linda Karp, Plaintiff Michael Karp as husband of Plaintiff Linda Karp, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure his wife of her injuries.

102.   By reason of the aforesaid collision, Plaintiff Michael Karp has been, yet is and will/may be in the future deprived of the assistance and society of his wife, all of which has been and will be to his great financial loss and detriment.

**WHEREFORE**, Plaintiff Michael Karp demands judgment against Defendant Dana Jenkins in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**MUNLEY LAW, PC**


By:        /s/ Katie Nealon
           Katie Nealon
           I.D. No. 317965

<u>/s/ Ciara DeNaples</u>
Ciara DeNaples
I.D. No. 318423
Attorneys for Plaintiffs