## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KARP and LINDA KARP, | No. 4:18-CV-02282 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| DANA JENKINS and CIS EXPRESS, LLC, | |
| Defendants. | |

## MEMORANDUM OPINION

### NOVEMBER 4, 2020

## I.     BACKGROUND

This case was initially filed by Plaintiffs Michael and Linda Karp ("Plaintiffs") against Defendants Dana Jenkins and CIS Express, LLC, ("CIS" and, together with Jenkins, "Defendants") on November 18, 2018.[1]  This action is brought under the Court's diversity jurisdiction, raising questions of Pennsylvania state law.  Since being served in 2019, Defendants have failed to appear before this Court at all.  Plaintiffs moved for entry of default against Defendants in July and August 2020,[2] and default was subsequently entered by the Clerk of Court.[3] Currently before this Court is Plaintiffs' motion for default judgment, filed in

---

[1]    *See* Doc. 1.
[2]    *See* Doc. 20; 22.
[3]    *See* Doc. 21; 24.

August 2020.[4]  Defendants have not responded, and the motion is now ripe for disposition.  For the reasons that follow, the motion is granted.

## II.    DISCUSSION

### A.    Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[5]  "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[6]  "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[7]  It is "well settled that decisions relating to default judgments are committed to the sound discretion of the district court."[8]

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[9]  "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is

---

[4]    *See* Doc. 25.
[5]    Fed. R. Civ. P. 55(b)(2).
[6]    *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).
[7]    10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[8]    *Pesotski v. Summa & Iezzi, Inc.*, 2017 WL 3310951 at *2 (M.D. Pa. Aug. 3, 2017).
[9]    *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

typically appropriate in such circumstances at least until the defendant comes

forward with a motion to set aside the default judgment under Rule 55(c)."[10]  In

cases where the Defendants fail to appear, this Court may enter default judgment

"based solely on the fact that the default has occurred."[11]

The Court nevertheless considers the factors at issue for the sake of

completeness; in this case, those factors clearly favor the grant of default

judgment.  First, Plaintiffs would be prejudiced by their "current inability to

proceed with their action due to Defendants' failure to defend."[12]  Defendants'

decision to not appear before this Court would otherwise prevent Plaintiffs from

recovering any damages for their claims.  Similarly, the second factor points in

favor of the grant of default judgment.  "Defendant[s] ha[ve] not responded to the

allegations and, thereby, ha[ve] failed to assert a defense."[13]  Finally, there does

not appear to be any excuse for Defendants' failure to appear or otherwise respond

to Plaintiffs' complaint.  Plaintiffs submitted two executed summonses, which

were served on: (1) Dana Jenkins personally; and (2) Carmen Moran, a person

designated by law to accept service of process on behalf of CIS.[14]  Having received

service, Defendants have yet to respond or appear in this action.  Because

Defendants have offered no explanation for their failure to respond, the Court finds

---

[10]   *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).
[11]   *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir.1990).
[12]   *Broadcast Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).
[13]   *Pesotski*, at *3.
[14]   *See* Doc. 19; 23.

that Defendants are culpable.[15]  Therefore, the Court finds that default judgment is appropriate given the circumstances.

A finding that default judgment is warranted, however, "is not the end of the inquiry."[16]  First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[17]  Although the defaulting parties do not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[18]  Plaintiffs' 14-count complaint asserts various violations of Pennsylvania state law.  The Court now considers whether the allegations in the complaint, taken as true, state a claim.

### B.    The Facts Alleged in the Complaint

The facts alleged in the complaint, which I accept as true for the purposes of determining whether Plaintiff has stated a claim, are as follows.

On or about May 2, 2017, Plaintiffs were traveling westbound in the right lane of Interstate 80, through Centre County, Pennsylvania.[19]  At the same time, Jenkins was operating a tractor trailer owned by CIS, also traveling westbound on Interstate 80, in the left lane.[20]  Jenkins proceeded to drive incredibly close to

---

[15]  *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).

[16]  *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).

[17]  *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).

[18]  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

[19]  Doc. 1 ¶ 10.

[20]  *Id.* ¶¶ 7, 8, 11.

Plaintiffs' vehicle, beeping his horn.[21]  Michael Karp, driving Plaintiffs' vehicle, moved further right to allow Jenkins to pass.[22]  When Jenkins was about halfway past Plaintiffs' vehicle in the left lane, he suddenly and without warning moved from the left lane into the right lane, striking Plaintiffs' vehicle with the semi-trailer of his own.[23]

Thereafter, Jenkins was charged with multiple violations, and pled guilty to two counts of simple assault and two counts of recklessly endangering another person.[24]  As a result of the collision, Plaintiffs have suffered a variety of injuries and have incurred significant costs.[25]

### C.   Plaintiffs' Claims

#### 1.   Plaintiffs Have Stated a Claim for Negligence Against Jenkins, but Not Against CIS.

The four elements of a negligence claim under Pennsylvania law are as follows: "a duty to conform to a certain standard for the protection of others against unreasonable risks; the defendant's failure to conform to that standard; a causal connection between the conduct and the resulting injury; and actual loss or damage to the plaintiff."[26]  The United States Court of Appeals for the Third Circuit has "held that the duty of care owed in a negligence action arising from a

---

[21]  *Id*. ¶¶ 12-13.
[22]  *Id*. ¶ 14.
[23]  *Id*. ¶¶ 15-16.
[24]  *Id*. ¶¶ 17-18.
[25]  *Id*. ¶¶ 19-30.
[26]  *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348 (Pa. 2018).

car accident in Pennsylvania 'is at least that established by the Pennsylvania

Vehicle Code.'"[27]

The Court finds that Plaintiffs have adequately pleaded the elements of a

negligence claim against Jenkins.  First, the complaint explains that Jenkins

violated his duty through his "[f]ailure to exercise a degree of care which an

ordinary and prudent person would have done under the circumstances."[28]  It is

"axiomatic that drivers owe each other a duty of care."[29]  Plaintiffs also rely on

negligence *per se* to establish a duty.  For example, Plaintiffs further allege that,

beyond this common law duty, Jenkins failed to drive his vehicle within a single

lane, in violation of 75 Pa. C.S.A. § 3309.[30]  Courts have held that a violation of

Section 3309 can constitute negligence *per se*.[31]  Therefore, Plaintiffs have

sufficiently established a duty of care owed by Jenkins.

Plaintiffs have also pled the other elements of a negligence claim.  They

allege a variety of ways that Jenkins breached his duties of care – in short, by

---

[27]  *Ali v. Lyons*, 2006 WL 724570 at *1 (E.D. Pa. Mar. 22, 2006) (citing *Klein v. Hollings*, 992 F.2d 1285, 1291 n.2 (3d Cir. 1993)).

[28]  Doc. 1 ¶ 33.

[29]  *Brim v. Wertz*, 35 Pa. D. & C. 4th 277, 285 (Commw. Ct. 1996) (citing *Mazzagatti v. Everingham by Everingham*, 512 Pa. 266, 279 (1986)).

[30]  Plaintiffs also allege a series of other statutory violations upon which they seemingly premise a negligence *per se* theory.  Though this Court has previously found that several of the statutes referenced by Plaintiffs cannot support a negligence *per se* theory, Plaintiffs have separately alleged a duty of care through both the common law and other statutes and regulations, so this shortcoming is not fatal.  *See Wendt v. Brussard*, 2020 WL 2850599 (M.D. Pa. June 2, 2020).

[31]  *See, e.g.*, *Drew v. Work*, 95 A.3d 324, 338 (Pa. Super. 2014) (finding that a trial court had erred in not charging the jury on negligence *per se*, because "if the jury were to credit this testimony, [the driver's] action would have violated section 3309(1), and therefore, been *per se* negligence."); *see also Thompson v. Austin*, 272 Fed. Appx. 188, 191-92 (3d Cir. 2008) (same).

"mov[ing] from the left lane of travel into the right lane of travel and suddenly, violently and without warning str[iking] the Plaintiffs' vehicle with the semi-trailer of his vehicle."[32]  Finally, Plaintiffs have alleged causation and damages, as discussed above.[33]

Plaintiffs also seek to impute liability onto CIS, Jenkins's employer. Plaintiffs have not, however, sufficiently alleged facts showing that Jenkins was acting within the scope of his employment with CIS at the time of the accident. The conclusory allegation to that effect is insufficient.[34]  Plaintiffs also claim direct liability against CIS.  Plaintiffs allege that CIS acted negligently in its own right and alleges a series of failures by Jenkins's employer.  Here, while Plaintiffs have likely established the elements of duty and breach, the allegations relating to causation are scant and insufficient to support liability against CIS, independent from any relationship with Jenkins.

> ### 2. Plaintiffs Have Stated a Claim for Negligent Infliction of Emotional Distress.

Plaintiffs also assert two claims for negligent infliction of emotional distress against Jenkins.  Under Pennsylvania law, there are four theories under which an action for negligent infliction of emotional distress will lie: (1) impact liability where emotional distress is accompanied by physical injury or impact; (2) zone of

---

[32]  Doc. 1 ¶ 16.
[33]  *Id*. ¶¶ 16; 19-30.
[34]  *Id*. ¶ 7.

danger liability where emotional distress is inflicted on a plaintiff who was in close proximity of physical impact and thereby reasonably experienced a fear of physical injury; (3) bystander liability for emotional distress experienced by a plaintiff who personally witnessed an impact upon a close relative; and (4) special relationship liability premised on the breach of a preexisting contractual or fiduciary relationship that foreseeably resulted in emotional harm so extreme that a reasonable person should not be expected to endure the resulting distress.[35]

Plaintiffs allege that because of the harm suffered by one another, they each have been caused "severe fear, anxiety, and emotional distress that has manifested itself psychologically, emotionally, and physically."[36]  It is somewhat unclear which of the four theories Plaintiffs base their claims under, but they appear to stem from the third.  Where a plaintiff alleges negligent infliction of emotional distress as a result of observing a close relative's injury, the following factors are to be considered:

> (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it.  (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence.  (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.[37]

---

[35] *Doe v. Philadelphia Cmty. Health Alternatives AIDS Task Force*, 745 A.2d 25, 27 (Pa. Super. 2000).

[36] Doc. 1 ¶¶ 41-47; 77-83.

[37] *Sinn v. Burd*, 404 A.2d 672 (Pa. 1979).

Plaintiffs were at the scene of the accident, observed each other's injuries and are married.  As such, they have each stated a claim for negligent infliction of emotional distress against Jenkins.  Because Plaintiffs have not alleged a claim of negligence against CIS, however, their claim as to that Defendant fails immediately.  "In all cases [alleging negligent infliction of emotional distress], Plaintiff must establish a prima facie case of negligence."[38]

### 3.   Plaintiffs Have Stated a Claim for Loss of Consortium Against Jenkins, but Not Against CIS.

"Loss of consortium is an injury referring to the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities, and, while remaining a distinct cause of action for loss of services, society, and conjugal affection of one's spouse, is a claim "derivative" of a spouse's separate claim of injury."[39]  Because Plaintiffs have sufficiently stated a claim against Jenkins based on Mr. Karp's injuries, "they have also adequately pleaded the derivative claim of loss of consortium"[40] against Jenkins.  Because the same negligence claim failed against CIS, so must the loss of consortium claim against that entity.

---

[38] *Deitrick v. Costa*, 2015 WL 1605700 (M.D. Pa. Apr. 9, 2015); *see also Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 45 (Pa. Super. 2000) ("[A]bsent a finding of negligence, the negligent infliction of emotional distress claim cannot survive.").

[39] *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 777-78 (3d Cir. 2018) (quoting *Darr Constr. Co. v. Workmen's Comp. Appeal Bd.*, 552 Pa. 400 (1998)) (internal quotation marks omitted).

[40] *Id*. at 778 (3d Cir. 2018).

### D.     Damages

Having found that Plaintiffs have stated a legitimate cause of action as to

certain claims, the Court considers the amount of damages Plaintiffs are entitled to.

In this case, the Court cannot accurately assess damages based on solely the

complaint – something Plaintiffs acknowledge in their motion for default judgment

by seeking trial on the issue of damages.  The Court will schedule further

proceedings on this issue.  Plaintiffs also seek punitive damages.  Generally,

discovery is necessary to determine whether punitive damages are appropriate.  As

there will currently be no discovery in this matter, the Court will consider the

evidence put forth by Plaintiffs in future proceedings to determine whether they are

entitled to punitive damages.

## III.   CONCLUSION

Default judgment is appropriate in this case, particularly given Defendants'

failure to even enter an appearance in the action.

Plaintiffs have sufficiently stated a claim for relief under Counts 1, 3, 6, 8,

10, and 13 of the complaint.

Plaintiffs have not stated a claim under Counts 4, 5, 7, 11, 12, and 14.

Counts 2 and 9 seek punitive damages against Jenkins and will be addressed

in a future proceeding.

As neither Defendant has yet filed a responsive pleading, Plaintiffs have the opportunity to file an amended pleading as of right,[41] or they can proceed to the issue of damages on the surviving counts.  Should Plaintiffs wish to file an amended complaint, they are instructed to do so by November 25, 2020.  In the interim, the Court will schedule a telephonic conference with Plaintiffs to inquire as to their intentions.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[41]    *See* Federal Rule of Civil Procedure 15.