**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL KARP, *et al.*,

Plaintiffs,

v.

DANA JENKINS, *et al.*,

Defendants.

No. 4:18-CV-02282

(Chief Judge Brann)

**MEMORANDUM OPINION**

**DECEMBER 1, 2021**

## I. BACKGROUND

Michael and Linda Karp ("Plaintiffs") initially filed a complaint against CIS Express, LLC ("CIS") and Dana Jenkins (Collectively "Defendants") in November 2018.[1] After being served with the initial complaint in 2019, Defendants failed to appear before this Court. Plaintiffs moved for entry of default against Defendants in 2020,[2] and default was subsequently entered by the Clerk of Court.[3]

Plaintiffs thereafter moved for default judgment, which this Court granted in part.[4] Although the Court granted default judgment against Jenkins as to Counts 1, 3, 6, 8, 10, and 13, the Court denied default judgment as to Counts 4, 5, 7, 11, 12,

---

1 Doc. 1.
2 Docs. 20, 22.
3 Docs. 21, 24.
4 Docs. 25, 27, 28.

and 14 after concluding that Plaintiffs had failed to adequately allege that Jenkins was acting within the scope of his employment with CIS when the relevant events occurred and, therefore, failed to establish liability against CIS.[5]

Plaintiffs thereafter filed an amended complaint[6] and again sought default judgment.[7] This Court denied that motion because the amended complaint had not been served on Defendants.[8] In June 2021 Plaintiffs served both Jenkins and CIS with the amended complaint and, in October 2021, Plaintiffs filed this motion for default judgment.[9] Defendants have not responded, and the motion is now ripe for disposition. For the following reasons, the motion will be granted in part.

## II. DISCUSSION

### A. Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[10] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[11] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even

5 Doc. 27.
6 Doc. 30.
7 Doc. 32.
8 Doc. 34.
9 Doc. 38.
10 Fed. R. Civ. P. 55(b)(2).
11 *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).

when defendant is technically in default and that fact has been noted under Rule 55(a)."[12]

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[13] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)."[14] In cases where the defendants fail to appear, courts may enter default judgment "based solely on the fact that the default has occurred."[15]

As with the first motion for default judgment, a consideration of those factors again favors a grant of default judgment. First, Plaintiffs would be prejudiced by their "current inability to proceed with their action due to Defendants' failure to defend."[16] Defendants' decision to not appear before this Court would otherwise prevent Plaintiffs from recovering any damages for their claims. Similarly, the second factor weigh in favor of default judgment. "Defendant[s] ha[ve] not

---

12 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).

13 *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

14 *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).

15 *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir.1990).

16 *Broadcast Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).

responded to the allegations and, thereby, ha[ve] failed to assert a defense."[17] Finally, there does not appear to be any excuse for Defendants' failure to appear or otherwise respond to Plaintiffs' complaint. Plaintiffs submitted two executed summonses that were served on Dana Jenkins personally and Carmen Moran, a person designated by law to accept service of process on behalf of CIS.[18] Having received service, Defendants have yet to respond or appear in this action. Because Defendants have offered no explanation for their failure to respond, the Court finds that Defendants are culpable.[19] Therefore, the Court again finds that default judgment is appropriate given the circumstances.

As the Court explained in its earlier Memorandum Opinion, a finding that default judgment is warranted "is not the end of the inquiry."[20] The Court must further consider whether the "unchallenged facts constitute a legitimate cause of action."[21] Although the defaulting parties do not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[22] Plaintiffs' amended complaint alleges twenty separate claims asserting various violations of Pennsylvania state law. For the reasons discussed in the Court's Memorandum Opinion addressing Plaintiffs' first motion

---

17 *Pesotski*, 2017 WL 3310951 at *3.

18 Docs. 36, 37.

19 *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).

20 *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).

21 *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).

22 *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

for default judgment, Plaintiffs have adequately stated claims against Jenkins.[23] The Court will therefore consider whether the allegations in the complaint, taken as true, state a claim against CIS.

**B. The Facts Alleged in the Amended Complaint**

The facts alleged in the amended complaint, which the Court must accept as true for the purposes of determining whether Plaintiff has stated a claim, are as follows.

CIS is a commercial carrier that picks up and hauls goods throughout the United States, including Pennsylvania.[24] CIS hires drivers to operate its vehicles and haul goods for it, and employed Jenkins as one of its commercial truck drivers.[25] In that capacity, Jenkins was authorized by CIS to operate its vehicles to pick up and haul goods through the United States.[26] CIS required Jenkins to operate on specific designated routes in furtherance of CIS' business.[27]

On or about May 2, 2017, Plaintiffs were traveling westbound in the right lane of Interstate 80, through Centre County, Pennsylvania.[28] At the same time, Jenkins, operating a tractor trailer owned by CIS, was also traveling westbound on Interstate 80, in the left lane.[29] Jenkins proceeded to drive close to Plaintiffs' vehicle, beeping

23 *See* Doc. 27.
24 Doc. 30 ¶ 8.
25 *Id.* ¶¶ 9, 10.
26 *Id.* ¶¶ 11-15.
27 *Id.* ¶¶ 16-17.
28 *Id.* ¶ 20.
29 *Id.* ¶ 21.

his horn; Michael Karp—driving Plaintiffs' vehicle—moved further right to allow Jenkins to pass.[30] When Jenkins was approximately halfway past Plaintiffs' vehicle in the left lane, he suddenly and without warning moved from the left lane into the right lane, striking Plaintiffs' vehicle with his semi-trailer.[31]

Thereafter, Jenkins was charged with numerous traffic violations and criminal acts, and ultimately pled guilty to two counts of simple assault and two counts of recklessly endangering another person.[32] As a result of the collision, Plaintiffs have suffered a variety of injuries and have incurred significant costs.[33] At the time of the collision, Jenkins was "was hauling goods and/or in route to pick up and/or drop off goods" at CIS' behest, was acting within the scope of his employment in so doing, and was working during his regular working hours.[34] The tractor-trailer that Jenkins was operating, along with all equipment that he was using, was provided to him by CIS—consistent with CIS' ordinary practices.[35]

### C. Plaintiffs' Claims

#### 1. Claims of Negligence

With respect to claims of negligence, under Pennsylvania law Plaintiffs must prove: "a duty to conform to a certain standard for the protection of others against

---

30 *Id*. ¶¶ 22-24.
31 *Id*. ¶¶ 25-26.
32 *Id*. ¶¶ 27-28.
33 *Id*. ¶¶ 38-49.
34 *Id.* ¶¶ 29-31.
35 *Id.* ¶¶ 32-34.

unreasonable risks; the defendant's failure to conform to that standard; a causal connection between the conduct and the resulting injury; and actual loss or damage to the plaintiff."[36] The United States Court of Appeals for the Third Circuit has "held that the duty of care owed in a negligence action arising from a car accident in Pennsylvania 'is at least that established by the Pennsylvania Vehicle Code.'"[37]

As discussed previously, the allegations in the complaint—and now amended complaint—are sufficient to support liability against Jenkins for negligence.[38] Thus, the only question is whether Plaintiffs have adequately pled claims of negligence as to CIS.

With regard to Plaintiffs' claim of vicarious liability, "[a] plaintiff may pursue a negligence action against a defendant on the theory of direct liability or vicarious liability."[39]

> Under Pennsylvania law, in order to hold an employer vicariously liable for the negligent acts of its employee, these acts must be committed during the course of and within the scope of the employment. Generally, the conduct of an employee is considered within the scope of employment for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer.[40]

---

36 *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348 (Pa. 2018).

37 *Ali v. Lyons*, 2006 WL 724570 at *1 (E.D. Pa. Mar. 22, 2006) (citing *Klein v. Hollings*, 992 F.2d 1285, 1291 n.2 (3d Cir. 1993)).

38 Doc. 27 at 5-7.

39 *Spencer v. Johnson*, 249 A.3d 529, 549 (Pa. Super. Ct. 2021) (quoting *Green v. Pa. Hosp.*, 123 A.3d 310, 316 (Pa. 2015)).

40 *Id.* (brackets omitted).

Judged under this standard, the Court concludes that Plaintiffs have adequately alleged claims of vicarious liability. The allegations establish that the work Jenkins was performing at the time of the collision are of the kind and nature that Jenkins was employed to perform—hauling goods through interstate commerce.[41] Moreover, that activity occurred substantially within the authorized time and space limits, as Jenkins was driving his assigned route during his regular working hours, and his actions were actuated at least in part by a purpose of serving CIS.[42]

The Court therefore turns to Plaintiffs' remaining claims of negligence against CIS, which they term "corporate negligence," but which are more properly understood as claims for negligent hiring.[43] It is well established in Pennsylvania that employers have a "duty to exercise reasonable care in selecting, supervising and controlling employees."[44] Liability "exists only if all the requirements of an action of tort for negligence exist."[45] In situations similar to Plaintiffs' "the victim must establish that the employer breached a duty to protect others against a risk of harm. Where the victim . . . is . . . a stranger, the duty owed may be inferred from the

---

41 Doc. 30 ¶¶ 8-10, 29-34.

42 *Id.* ¶¶ 10-18, 30-31. Because there is no indication that intentional force was applied by Jenkins, the fourth factors is not applicable here.

43 In Pennsylvania "the doctrine of corporate negligence [is recognized] as a basis for hospital liability separate from the liability of the practitioners who actually have rendered medical care to a patient" and applies only to medical entities. *Rauch v. Mike-Mayer*, 783 A.2d 815, 826 (Pa. Super. Ct. 2001).

44 *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 42 (Pa. Super. Ct. 2000) (internal quotation marks omitted).

45 *Id.* (internal quotation marks omitted).

general duty imposed on all persons not to place others at risk of harm through their action."[46] "The scope of this duty is limited to those risks that are reasonably foreseeable by the actor in the circumstances of the case."[47]

The Court concludes that Plaintiffs have again stated valid claims of negligence. Plaintiffs allege that CIS knew or should have known that that Jenkins "lacked sufficient skill, judgment, and prudence in the operation of the vehicle" and nevertheless failed to adequately train him to operate the vehicle and failed to oversee or supervise him in his operation of the vehicle.[48] CIS further set operation requirements that it knew would result in Jenkins operating his vehicle in an unsafe manner.[49] These allegations establish that CIS had a duty not to place the public at harm by employing unqualified drivers who placed the public in jeopardy. They further establish that CIS failed to conform to that standard, and that their failure caused the accident that resulted in damages to Plaintiffs.

### 2. Claims for Negligent Infliction of Emotional Distress

For the reasons discussed in the Court's November 4, 2020 Memorandum Opinion granting in part Plaintiffs' first motion for default judgment, Plaintiffs have adequately stated claims for negligent infliction of emotional distress against Jenkins.[50] Therefore, the Court again grants default judgment as to those claims.

---

46 *Id.*
47 *Id.* at 42-43.
48 Doc. 30 ¶ 73.
49 *Id.*
50 Doc. 27 at 7-9.

### 3. Loss of Consortium

Finally, with respect to Plaintiffs' loss of consortium claims, such "an injury refer[s] to the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities, and, while remaining a distinct cause of action for loss of services, society, and conjugal affection of one's spouse, is a claim 'derivative' of a spouse's separate claim of injury."[51] Because Plaintiffs have sufficiently stated a claim against Jenkins based on the injuries they have suffered, "they have also adequately pleaded the derivative claim of loss of consortium"[52] against Jenkins. Similarly, as Plaintiffs have adequately alleged claims of negligence against CIS, they have also adequately pled claims of loss of consortium against CIS.

### D. Damages

Because Plaintiffs have adequately stated claims against Defendants, the only remaining consideration is the amount of damages to which Plaintiffs are entitled. As the Court noted previously, it cannot accurately assess damages based on solely the amended complaint. The Court will schedule further proceedings on this issue. Plaintiffs also seek punitive damages. Generally, discovery is necessary to determine whether punitive damages are appropriate. As there will currently be no discovery in this matter, the Court will consider the evidence put forth by Plaintiffs in future proceedings to determine whether they are entitled to punitive damages.

---

51 *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 777-78 (3d Cir. 2018) (quoting *Darr Constr. Co. v. Workmen's Comp. Appeal Bd.*, 552 Pa. 400 (1998)) (internal quotation marks omitted).

52 *Id*. at 778 (3d Cir. 2018).

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs are entitled to default judgment on all claims, with the exception of Counts 2, 6, 7, 12, 16, and 17 requesting punitive damages, which will be addressed in a future proceeding. Consequently, Plaintiffs' motion for default judgment will be granted in part.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge