IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KARP, *et al.*, | No. 4:18-CV-02282 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| DANA JENKINS, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**APRIL 11, 2022**

## I.   INTRODUCTION

Previously, the Court granted Plaintiffs Michael and Linda Karp's motion for default judgment as to their negligence, negligent infliction of emotional distress, and loss of consortium claims. On February 28, 2022, the Court conducted a bench trial regarding compensatory and punitive damages. The Court waited for pro se Defendants Dana Jenkins and CIS Express, LLC, who did not appear. After the bench trial, the Karps proposed findings of fact and conclusions of law. So compensatory and punitive damages are awarded as follows.

## II.   BACKGROUND

On May 2, 2017, Michael Karp was driving on Interstate 80 (I-80) in Marion Township, Centre County, Pennsylvania.[1] His wife Linda Karp was a passenger in

---

[1]   Transcript of Nonjury Trial at 11–12.

the vehicle, a 2006 Ford Super Duty.[2] To pass a tractor-trailer in the right lane of traffic, Michael Karp entered the left lane.[3]

In the left lane, Michael Karp saw Dana Jenkins behind him.[4] Jenkins's vehicle was almost touching the back of the Defendants' vehicle.[5] Then Jenkins began blaring his horn at the Karps.[6]

After Michael Karp moved to the right lane, Jenkins did too, crashing his vehicle into the Karps'.[7] Then Jenkins attempted to speed away.[8] For this conduct, Jenkins pled guilty to simple assault and reckless endangerment of another person under Pennsylvania law.[9]

### III.  DISCUSSION

#### A.  Compensatory Damages

##### 1.  Michael Karp

Because of the collision, Michael Karp suffered from cervicalgia, anxiety, headaches, myospasm, and lower back pain.[10] These conditions required x-rays,

---

[2]  *Id.* at 12.
[3]  *Id.*
[4]  *Id.*
[5]  *Id.*
[6]  *Id.*
[7]  *Id.* at 13–15.
[8]  *Id.* at 15.
[9]  Ex. 12.
[10] Exs. 2–4.

chiropractic therapy, cervical facet injections, and various doctors visits.[11] At trial, Michael Karp testified that he still experiences physical pain from the collision.[12]

Michael Karp also testified that at the time of the collision, King Trucking employed him as a yard jockey.[13] But collision injuries forced Karp to reduce his shifts and ultimately leave this job, which paid over $40,000 per year.[14] These injuries also required Michael Karp to hire help for his farm, spending $200–300 per week during hay season, which lasts three months a year.[15] From this credible evidence and testimony, the Court finds, by a preponderance of the evidence, that Michael Karp incurred compensatory damages of $630,000.

### 2. Linda Karp

Because of the collision, Linda Karp struck her head and suffered from cervical disc displacement, cervicalgia, left shoulder pain, arm numbness and tingling, severe headaches, insomnia, and muscle spasms.[16] These conditions required x-rays, massage therapy, acupuncture, cervical trigger point injections, and chiropractic treatment.[17] And after Linda Karp's health insurance maxed out, she

---

[11] *Id.*
[12] Transcript of Nonjury Trial at 24.
[13] *Id.* at 10.
[14] *Id.* at 25–26, 49.
[15] *Id.* at 28–29.
[16] Exs. 5–10.
[17] *Id.*

could no longer afford such treatment.[18] Indeed, she owes $2,663.22 to Northeastern Rehabilitation Associates, PC.[19]

At trial, Linda Karp testified that her housework takes two to three times longer because of her injuries.[20] Her pain also prevents her from gardening and spending time with her grandchildren.[21] From this credible evidence and testimony, the Court finds, by a preponderance of the evidence, that Linda Karp incurred compensatory damages of $10,000.

### B. Punitive Damages

#### 1. Dana Jenkins

"Assessment of punitive damages are proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct, and are awarded to punish that person for such conduct."[22] "[A] punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk."[23] "In determining whether punitive damages should be

---

[18] Transcript of Nonjury Trial at 39.
[19] Ex. 8.
[20] Transcript of Nonjury Trial at 43.
[21] *Id.* at 43–45.
[22] *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).
[23] *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

awarded, the act itself together with all the circumstances including the motive of the wrongdoer and the relations between the parties should be considered."[24]

Here, Jenkins pled guilty to simple assault and reckless endangerment of another person under Pennsylvania law because of his conduct on May 12, 2017.[25] In the plea agreement, Jenkins admitted his "intent to commit bodily injury" and "intent to place another person in harm."[26] And at trial, Michael Karp testified that Jenkins smashed into his car and kept smashing into his car until Jenkins pushed him off the road.[27] Karp also testified that Jenkins took off very quickly afterward.[28] From this evidence and credible testimony, the Court finds, by a preponderance of the evidence,[29] that Dana Jenkins acted recklessly and consciously disregarded the risk to the Karps on May 2, 2017. Accordingly, the Court awards Michael and Linda Karp punitive damages of $1000 each.

---

[24] *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963).
[25] Ex. 12.
[26] *Id.*
[27] Transcript of Nonjury Trial at 13.
[28] *Id.* at 15.
[29] *See Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1098 (Pa. 1985) ("We believe the goal of limiting punitive damage awards . . . is best served by focusing on the nature of the defendant's conduct instead of increasing the plaintiff's burden of persuasion. Under Pennsylvania law, the imposition of punitive damages is an extreme remedy which is appropriate to deter and punish only reckless indifference to the plaintiff's safety."); *see also Collins et ux. v. Safeguard Mut. Ins. Co. et al. Bertha Finney*, No. 3478, 1979 WL 139238 (Pa. C.P. June 12, 1979) ("Where reckless indifference or malice is proved by a fair preponderance of the evidence punitive damages lie.").

### 2. CIS Express, LLC

"Pennsylvania has . . . followed the less restrictive traditional common law of vicarious liability, which provides that employers may be held vicariously liable for punitive damages because of the acts of its employee within the scope of the employee's authority."[30]  "Under Pennsylvania law, an employer is vicariously liable for punitive damages where an employee is directly liable for punitive damages."[31]  "[T]o justify the vicarious imposition of exemplary damages upon the principal," "the conduct of the agent who inflicts the injury complained of must be rather clearly outrageous."[32]

Here, CIS Express employed Jenkins at the time of the collision.[33]  Jenkins was hauling goods at CIS's request in a vehicle CIS assigned to him.[34]  So the Court finds, by a preponderance of the evidence, that Jenkins was acting within the course and scope of his employment at the time of his reckless and outrageous conduct.  It follows that CIS is vicariously liable for the compensatory and the punitive damages awards.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[30] *Gregory v. Sewell*, No. 4:CV-04-2438, 2006 WL 2707405, at *11 (M.D. Pa. Sept. 19, 2006).
[31] *Id.* at *12.
[32] *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1264 (Pa. Super. Ct. 1983).
[33] Doc. 55 at 2.
[34] *Id.*